Virginia DILL, Appellee,

v.

GAMBLE ASPHALT MATERIALS et
al., Appellants.

Jessie Yvonne DILL et al., Appellees,

v.

GAMBLE ASPHALT MATERIALS et
al., Appellants.

Bonnie SKINNER et al., Appellees,

v.

GAMBLE ASPHALT MATERIALS et
al., Appellants.

Ruby Cauline MATHIS et al., Appellees,

v.

GAMBLE ASPHALT MATERIALS et
al., Appellants.

Court of Appeals of Tennessee,
Eastern Section.

Nov. 2, 1979.

Rehearing Denied Nov. 20, 1979.

Certiorari Denied by Supreme Court
Jan. 28, 1980.

William B. Luther of Luther, Anderson, Cleary & Cooper, Chattanooga, for appellant, Gamble Asphalt Materials.

William L. Brown and Gene R. Griffin of Brown, Brown & Griffin, Chattanooga, for Virginia Dill.

Edward E. Davis and Robert J. Batson, Jr., Chattanooga, for Jessie Yvonne Dill, Bonnie Skinner and Ruby Cauline Mathis.

## OPINION

PARROTT, Presiding Judge.

Appellees brought these actions seeking damages for injuries they suffered when a 1969 Ford tandem dump truck operated by Richard Paul Davis crashed into the rear of Jessie Dill's automobile. Jessie Dill had stopped her car in response to a flagman who was overseeing the flow of traffic around some road construction that was being performed at that time. Davis, proceeding northward on Highway 127, was unable to stop his truck which was loaded with asphalt mix and struck the 1964 Oldsmobile being operated by Jessie Dill and occupied by Ruby Mathis, Bonnie Skinner, and Virginia Dill.

This suit charges Richard Paul Davis, the operator of the dump truck, with negligence in the operation of his truck. Specifically, appellees urge that Davis violated T.C.A. 59–824(a) (following too closely); 59–858(a) (reckless driving); and 59–1109 (maximum weight allowed). Appellees further aver negligence on the part of Gamble Asphalt Materials, Inc. It was Gamble Asphalt Materials which had loaded Davis' truck with the asphalt mix. Appellees contend that Gamble was negligent in that they loaded the truck beyond its rated ca-

pacity and thereby created the dangerous condition which eventually led to the accident in which the appellees suffered their injuries.

In the trial below, the jury returned a verdict in favor of all plaintiffs against both defendants. Virginia Dill was awarded $325,000; Jessie Dill was awarded $15,000 for personal injuries, and $5,000 property damages remitted to $650; Howard Dill was awarded $7,500; Bonnie Skinner was awarded $150,000; James C. Skinner was awarded $50,000; Ruby Mathis was awarded $75,000; and Harry Mathis was awarded $50,000. The occupants of the car were awarded damages as compensation for their injuries and, in the case of Jessie Dill, for property loss as well. The awards to Howard Dill, James C. Skinner, and Harry Mathis were for their wives' medical expenses and for loss of services. The jury further found, in response to issues presented to it by the court, that (1) Richard Paul Davis was an independent contractor, and (2) Gamble Asphalt Materials, Incorporated, was guilty of independent proximate negligence in overloading the truck. From these findings, only Gamble Asphalt Materials, Incorporated, appeals.

Appellant in this Court has assigned several errors. The primary issues presented by this appeal deal with the trial court's charge to the jury, the admission of certain evidence below, and a prayer for this Court to grant remittiturs as to the damages awarded.

For the reasons to be given, all assignments of error are overruled except the ones dealing with the propriety of a remittitur of the awards to James Skinner and Harry Mathis for loss of services and expenses.

Appellant's first four assignments of error deal with the jury charge given in the court below. In relevant part, the judge charged:

I further charge you that as a general proposition of law, everyone owes to everyone else the duty of exercising ordinary care not to injure anyone, either in their person or property. In this connection I charge you that the corporate defendant or defendants who loaded or was or were responsible for loading the truck involved in this accident had the duty to refrain from overloading the truck and to take due precaution in this connection, thereby to the extent that it might be reasonably foreseeable that any overloading would likely result in injury to others of a like general character to the injuries sustained by the plaintiffs in this action. If they or one of the corporate defendants breached such a duty, then they or the one who breached the duty would be guilty of negligence, and if the negligence was a direct and proximate cause of the plaintiff's injuries and damages, then they or the one who breached the duty would be liable unto the plaintiffs.

Appellant's primary contention is that the trial judge invaded the province of the jury by instructing them that Gamble had ". . . the duty to refrain from overloading the truck and to take due precaution in this connection . . . ." Specifically, the appellant urges that the question as to whether a duty was owed by Gamble to anyone else is strictly a jury question and not one to be resolved by the court.

The appellant's contention on this point flatly misstates the law. In any action grounded in negligence, the existence or nonexistence of a duty on the part of the defendant ". . . is entirely a question of law, to be determined by reference to the body of statutes, rules, principles, and precedents which make up the law; *and it must be determined only by the court.*" (Emphasis added.) W. Prosser, Law of Torts, § 37 (4th ed. 1971). Since the issue of whether or not a duty exists is a question of law, the court below—following the common law maxim of "Ad questionem legis non respondet juratores"—did not invade the province of the jury by its determination that there was indeed a duty owed by Gamble and by charging the jury accordingly. *Glenn v. Conner*, 533 S.W.2d 297, 302 (Tenn.1976).

Appellant further attacks the jury charge below by asserting that the practical effect of the charge was to direct a verdict for the plaintiffs. Gamble contends that since it was uncontroverted in the evidence presented that Davis' truck was indeed overloaded by Gamble's employees and further that since the jury was charged that Gamble had the duty not to overload the truck, the effect of the charge was to direct a verdict against the defendant on the issue of negligence.

■ Contrary to the appellant's contention, the judge below did not direct a verdict in favor of the plaintiffs on the issue of negligence. The jury below had to find more than a mere breach of duty; in order for any plaintiff to recover from any defendant under a theory of negligence, proximate cause and the plaintiff's damages must be proven as well as a breach of duty on the part of the defendant. The issue of whether a duty exists is a question of law which was properly passed upon by the judge below. The existence of uncontroverted evidence before the jury that this duty was breached coupled with the judge's determination that duty existed in no way directed a verdict for the appellees. The jury still had to decide whether Gamble's breach of duty in overloading the truck was the proximate cause of the accident in which the plaintiffs suffered their injuries. In the court below, the judge went forward and properly instructed the jury on the further element of proximate cause. Therefore, the charge in no way had the effect of directing a verdict for the plaintiff since the element of proximate cause was properly presented for jury determination.

Appellant places great reliance on the fact that the jury found that the relationship between Gamble and Davis was that of employer-independent contractor. Gamble contends that because this relationship existed between the two parties, the court's characterization of Gamble's duty (heretofore discussed) is in error.

■ Appellant's contention on this point is likewise without merit. The trial court correctly charged that Gamble's duty was ". . . to refrain from overloading the truck and to take due precautions in this connection . . . ," and this standard of care is appropriate even though Davis was an independent contractor and not an agent of Gamble. The mere fact that Gamble was employing an independent contractor did not by any means serve to lessen the duty it owed.

■ In *International Harvester Co. v. Sartain*, 32 Tenn.App. 425, 222 S.W.2d 854 (1948), the Tennessee Court of Appeals set forth the general rule that an employer is not ordinarily liable for the negligent acts of his independent contractor. Then, the Court further provided one of the numerous exceptions to the general rule which sheds light on the duty owed by the employer of an independent contractor:

> . . . an employer is not liable for an injury resulting from the performance of work given over by him to an independent contractor, unless . . . the injury . . . was due to some specific act of negligence on the part of the employer himself.

In other words, despite the employer-independent contractor relationship, the employer still has the duty not to act negligently and will be liable to third parties for injuries proximately caused by his own negligence. The trial court's charge as to Gamble's duty was, therefore, without fault despite the existence of the employer-independent contractor relationship. See *Humphries v. Kendall*, 195 Ark. 45, 111 S.W.2d 492 (1937); *Yellow Creek Coal Co. v. Lawson*, 229 Ky. 245, 16 S.W.2d 1043 (1929).

During the course of the trial, the judge below permitted a portion of a deposition of an employee of the appellant to be read into evidence which stated that Gamble would only allow their dump trucks to be loaded to the extent of 20 tons. At the time of the accident Gamble had loaded the Davis truck to the extent of 24 tons. Appellant objected to this portion of the deposition being read, saying it was "wholly immaterial." The judge below overruled the objection, and appellant now assigns this as error, saying the evidence lacked relevancy.

We believe the evidence to be both material and relevant. As to materiality, 29 Am.Jur.2d, Evidence, § 265 (1967), states that "upon the issue of reasonableness of conduct, all the surrounding circumstances become facts material to the case." Surely this evidence was material since it sheds light on the issue of whether Gamble acted reasonably and with due care in loading Richard Davis' truck with 24 tons of asphalt when it did not put greater than 20 tons in its own trucks. The evidence is relevant as well since it is probative of the material proposition that Gamble did not act with due care when it overloaded the Davis truck since Gamble never put more than 20 tons of asphalt in any of its own trucks. The evidence, thus withstanding both of appellant's objections, was properly admitted below.

The appellant strongly urges this Court to effect a remittitur as to the judgments in favor of Virginia Dill, Bonnie Skinner, James Skinner, Ruby Mathis, Harry Mathis, and Jessie Dill. This Court, however, is not persuaded that the awards in favor of Virginia Dill, Bonnie Skinner, Ruby Mathis, and Jessie Dill are excessive. Therefore, the determination of damages below in favor of these appellees is affirmed.

On the other hand, we feel that the awards in favor of James C. Skinner ($50,-000) and Harry Mathis ($50,000) are not supported by the evidence and must be reduced. The record reflects the fact that, due to the injuries suffered by their spouses, Mr. Skinner and Mr. Mathis have been forced to perform many duties performed by their wives. However, the record further shows that, at the time of the trial Mr. Skinner was 71 years old. This factor, when considered with similar factual matters contained in the record, tends to make this Court feel that the award to Mr. Skinner was excessive.

As to Mr. Mathis, it was elicited on cross-examination that he had already retired from his regular employment and was on Social Security at the time of the accident and did not leave his job to take care of his wife as he had testified earlier. Additionally, he too was 71 years old at the time of the trial. In view of these facts and others adduced below, we feel remittiturs are in order. Mr. Skinner's award should be reduced to $35,000, and Mr. Mathis' award should be reduced to $25,000. *Smith v. Shelton*, 569 S.W.2d 421 (Tenn. 1978).

Let the judgment below be affirmed except as to the awards to James C. Skinner and Harry Mathis, with costs taxed to the appellant.

GODDARD and FRANKS, JJ., concur.

OPINION ON PETITION TO REHEAR

PARROTT, Presiding Judge.

Appellant has filed a petition to rehear but does not point out any new matters of fact or law overlooked by this Court in the original opinion. The petition only reargues matters which were fully considered in the original opinion.

Therefore, the petition to rehear is denied.

GODDARD and FRANKS, JJ., concur.