# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

TERRY T. JOHNSON,

    Plaintiff/Appellant,

VS.

MICHAEL H. MCCOMMON and
MLG&W,

    Defendants/Appellees.

)
)
)  **Shelby Circuit No. 39380 T.D.**
)
)  **Appeal No. 02A01-9502-CV-00029**
)
)
)
)
)
)

**FILED**

**May 9, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE WYETH CHANDLER, JUDGE

**A. WILSON WAGES**
**ALICE L. GALLAHER**
**A. WAGES LAW FIRM**
Memphis, Tennessee
Attorney for Appellant

**JOSEPH G. LITTLE**
Memphis, Tennessee
Attorney for Appellee, MLG&W

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

This action was brought against Michael McCommon and Memphis Light, Gas, and

Water (MLG&W) for personal injuries sustained when McCommon, an employee of MLG&W, struck plaintiff with his vehicle. McCommon was dismissed from the suit prior to trial. Following a bench trial, the lower court held that plaintiff's negligence was greater than that of the defendant and that plaintiff proximately caused her own injuries. Because we do not find that the evidence preponderates against the trial court's determination, we affirm the judgment dismissing plaintiff's case.

On October 12, 1990, Terry Johnson ("plaintiff") was driving a friend's car on Interstate 240 in Memphis. The car stalled in the center lane of the interstate and plaintiff was unable to restart the vehicle. Plaintiff proceeded to get out of the vehicle in order to warn approaching motorists of the obstruction. Plaintiff testified that defendant's vehicle struck her as she emerged from the car with her back facing oncoming traffic. In contrast, McCommon testified that when plaintiff got out of the car, she began running across the left lane toward the median. McCommon testified that he reduced his speed as soon as he saw plaintiff and that he swerved into the median to avoid hitting her. Defendant's testimony was corroborated by an eye-witness, Mr. Elton Harris, who testified by deposition that after plaintiff got out of the car, she took "running steps" across the left lane of oncoming traffic. Harris testified that he saw McCommon brake and serve into the median in an attempt to avoid striking plaintiff. Plaintiff suffered substantial physical injury as a result of the incident.

Following a bench trial, the judge held that the plaintiff's own negligence in running into oncoming traffic was the proximate cause of her own injuries and that plaintiff was more than 50% responsible for her own injuries. Accordingly, judgment was entered in favor of defendant.

Plaintiff has raised two issues on appeal, which are: (1) whether the trial court erred in admitting the deposition testimony of Elton Harris; and (2) whether the trial court erred in finding that Plaintiff proximately caused her own injuries and was more than 50% responsible for her own injuries.

The plaintiff's first contention is that the trial court erred in admitting the deposition testimony of Elton Harris into evidence. Plaintiff argues that the deposition should not have been admitted because defendant failed to issue a subpoena for Harris.

Prior to trial, defendant filed an affidavit with the trial court stating that Harris resided in Mississippi and that defendant would be unable to procure Harris' presence by subpoena because there was no known Tennessee address to which defendant could issue a subpoena. The trial court agreed to admit the deposition on the condition that the parties attempt to locate the witness and report the results of such attempt to the court. The parties confirmed to the court that Harris still resided out of state. Plaintiff argues that defendant's failure to subpoena Harris was error for two reasons. First, plaintiff asserts that Harris did not reside at a distance greater than 100 miles from the place of trial, and thus, defendant failed to comply with Tenn. R. Civ. P. 32.01(3). Next, plaintiff argues that defendant should have complied with the subpoena requirement because Harris stated in his deposition that he was willing to come to trial to testify.

Tenn. R. Civ. P. 32.01(3) provides in part:

> **Rule 32.01. Use of Depositions. -** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Rules of Evidence applied as though the witness were then present and testifying, may be used against any party who is present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
> . . .
>
> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) That the witness is dead; or (B) that the witness is at a greater distance than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena or the witness is exempt from subpoena to trial under T.C.A. § 24-9-101; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. Notwithstanding the foregoing

3

provisions, depositions of experts taken pursuant to the provision of Rule 26.02(4) may not be used at trial except to impeach in accordance with the provisions of Rule 32.01(1).

The admissibility of evidence lies within the sound discretion of the trial court and its decision will not be reversed on appeal unless there has been a demonstration of a manifest abuse of discretion. Inman v. Aluminum Co. of America, 697 S.W. 2d 350 (Tenn. App. 1985); Otis v. Cambridge Mutual Fire Ins. Co., 850 S.W. 2d 439 (Tenn. 1992).

In the present case, Harris' deposition was admitted into evidence in full compliance with Tenn. R. Civ. P. 34.02 because Harris resided out of state. Additionally, we find the fact that Harris agreed to testify at trial to be without significance. Accordingly, we hold that the trial court did not abuse its discretion in admitting Harris' deposition testimony and that such testimony was properly admitted.

Plaintiff next alleges that the trial court erred in its finding that plaintiff proximately caused her own injuries, and that plaintiff was more than 50% negligent.

Our standard of review on this issue is de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact. T.R.A.P. 13(d). This Court must affirm the trial court's findings of fact, unless the evidence preponderates otherwise. T.R.A.P. 13(d).

Proximate cause is that which is the procuring, efficient, and predominate cause. Nash v. Love, 440 S.W. 2d 593 (Tenn. App. 1968). An actor's conduct will be considered the proximate or legal cause of injury if three requisites are met. First, the actor's conduct must be a substantial factor in bringing about the harm. Next, there must be no legal rule that would operate to relieve the actor from liability. Finally, the harm that occurred must have been reasonably foreseeable. McClenahan v. Cooley, 806 S.W. 2d 767, 775 (Tenn. 1991).

In light of the above factors, we agree with the trial court that plaintiff's act of emerging from her vehicle and stepping into oncoming traffic was the proximate cause of her own injuries.  Similarly, we do not find that the evidence preponderates against the trial court's determination that plaintiff was more that 50% responsible for her own injuries.  In fact, we find very little evidence from the record that would support the conclusion that defendant was negligent in any respect.

The judgment of the trial court is affirmed.  Costs are taxed to plaintiff.

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J.,W.S.


_____
LILLARD, J.