# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION



FILED

October 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) C.C.A. No. 02C01-9801-CC-00030 |
| Appellee, | ) |
| | ) Henry County |
| V. | ) |
| | ) Honorable Julian P. Guinn, Judge |
| | ) |
| DARREN LEE PARSONS, | ) (Aggravated Burglary, Theft) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Jim L. Fields
Attorney at Law
111 E Wood Street
P.O. Box 248
Paris, TN 38242

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Robert "Gus" Radford
District Attorney General
111 Church Street, P.O. Box 686
Huntingdon, TN 38344-0686

Steven L. Garrett
Assistant District Attorney General
P.O. Box 94
Paris, TN 38242

John C. Sorrels
Assistant District Attorney General
P.O. Box 503
Camden, TN 38320

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Darren Lee Parsons, was convicted by a jury of aggravated burglary and theft. He appeals, challenging the sufficiency of the evidence and the propriety of an evidentiary ruling excluding certain defense testimony. We find no error and affirm the judgment of the trial court.

The proof at trial showed that the appellant and an accomplice, Everett Daniel Lamb, broke into the home of Timothy and Judy Walker of Paris, Tennessee. The two men vandalized the property and stole stereo equipment, compact disks, and other miscellaneous items. Lamb later admitted his part in the burglary and became one of the state's key witnesses at the appellant's trial.

The appellant first argues that the evidence was insufficient to convict him. The testimony at trial, he contends, established a time line within which it would not have been possible for the appellant to have committed the sequence of events described by various trial witnesses. When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to both the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The weight and credibility of a witness's testimony are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). A jury verdict for the state accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, guilty verdicts remove the presumption of innocence enjoyed by defendants at trial and replace it with a

presumption of guilt. <u>See</u> <u>State v. Grace</u>, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant carries the burden of overcoming this presumption of guilt. <u>See</u> <u>id.</u>

Through the testimony of various witnesses, evidence was presented at trial as to the sequence and timing of events on the night of the appellant's crime. Sometime between nine and ten o'clock p.m., the appellant and Lamb left the appellant's home to commit the burglary. The drive from the appellant's home to the victims' home takes between ten and fifteen minutes. On the way, the two men stopped for an unspecified time at a local hospital to steal some rubber gloves. They spent approximately thirty minutes inside the victims' home during their initial break-in and then returned to the home twice, taking between ten and twenty minutes each time. The two men then made a twenty to twenty-five minute drive to Lamb's father's home to unload some of the stolen property, arriving there at approximately 10:30 p.m.

Viewing this evidence in the light most favorable to the state and, accordingly, taking the lower end of each of the estimated times, the entire crime would have taken approximately one hour and twenty minutes. The evidence was, therefore, sufficient for the jury to have concluded that the appellant left his home at or shortly after nine o'clock p.m., completed the sequence of events involved in the burglary, and arrived at the home of Lamb's father by approximately 10:30 p.m. This issue is without merit.

The appellant next argues that the trial court erred in refusing to permit the appellant's mother, Joyce Ann Kelley, to testify to a statement allegedly made by Lamb. At trial, the theory of the appellant's defense was, in part, that he did not participate in the burglary but, rather, only helped Lamb unload some

of the stolen goods after Lamb alone had committed the burglary. But for the state's sustained hearsay objection, Ms. Kelley apparently would have testified that, during a phone conversation with the appellant on the night of the burglary, she overheard Lamb ask the appellant to help him unload a stereo. Lamb had testified on cross-examination during the state's case that he did not remember making such a statement but that he "might have."

The appellant argues that the exclusion of Ms. Kelley's account of Lamb's alleged statement violated the appellant's right to confront the witness against him, as well as his right to put on witnesses in his defense. Thus framed, this issue is without merit. Lamb, the declarant of the excluded statement, testified at the appellant's trial and was cross-examined by the appellant. The appellant, therefore, had the opportunity to confront the witness against him, as well as the opportunity to bring out favorable testimony in his defense.

Although not directly argued, either to this Court or at trial, the appellant suggests that the proffered testimony should have been admitted as a prior inconsistent statement for the limited purpose of impeaching Lamb's previous testimony. The state's objection to Ms. Kelley's testimony was sustained on the basis of the hearsay rule. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801. Here, the proffered evidence was clearly hearsay if offered as substantive proof that Lamb did in fact ask the appellant to help him unload a stereo and thus, inferentially, to prove that the appellant did not participate in the burglary. The appellant offers no exception to the hearsay rule, and none is apparent to the Court.

On the other hand, if offered for the limited purpose of impeaching the declarant, extrinsic evidence of a prior inconsistent statement may be

admissible. <u>See</u> Tenn. R. Evid. 613(b). In the present case, there is some question whether the excluded testimony--that Lamb asked the appellant for help--was "inconsistent" with Lamb's previous testimony--that he "might have" made such a request. Nevertheless, we need not decide this issue. Even assuming that the excluded testimony qualifies as a prior inconsistent statement, "the admissibility of evidence rests within the sound discretion of the trial court, and its decisions in that regard will be reversed only by a showing of an abuse of that discretion." <u>Inman v. Aluminum Co. of America</u>, 697 S.W.2d 350, 354 (Tenn. Ct. App. 1985). After a thorough review of the record, we conclude that the trial court did not abuse its discretion. The statement was hearsay on its face, and appellant did not argue otherwise at trial. Further, while we conclude that the trial court did not err, any hypothetical error would not be prejudicial given the evidence reviewed.

The judgment of the trial court is affirmed.

_____

PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge