# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### DECEMBER 5, 2000 Session

## PATSY (STILES) TEMPLETON v. JEFFREY LYNN STILES

### Direct Appeal from the Circuit Court for Warren County
### No. 9512; The Honorable Charles Haston, Judge

---

### No. M1999-02388-COA-R3-CV - Filed March 20, 2001

---

This appeal arises from a hearing in the Circuit Court of Warren County wherein the court divided the property of the Appellant and the Appellee following their divorce. In relevant part, the trial court awarded all the guns and retirement accounts to the Appellee and refused to hear the Appellant's testimony concerning improvements made to the real estate.

The Appellant appeals from the order of the Circuit Court of Warren County, dividing the property of the Appellant and the Appellee. For the reasons stated herein, we affirm in part and reverse in part the trial court's decision.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Gerald L. Ewell, Jr., for Appellant

Bernard K. Smith, Thomas F. Bloom, for Appellee

# MEMORANDUM OPINION[1]

## I.  Facts and Procedural History

The Appellant, Jeffrey Lynn Stiles ("Mr. Stiles"), and the Appellee, Patsy (Stiles) Templeton ("Ms. Templeton"), have been married to each other twice.  The first marriage began in 1972 and ended by a divorce in 1984 that severed the marital relationship but did not divide the parties' property rights.  The parties remarried on December 16, 1989.  On November 5, 1997, Ms. Templeton filed a complaint for divorce in the Circuit Court of Warren County, alleging inappropriate marital conduct or, in the alternative, irreconcilable differences.  Mr. Stiles filed an answer and counter-complaint on February 13, 1998, alleging inappropriate marital conduct or, in the alternative, irreconcilable differences.  On May 8, 1998, the circuit court entered an order granting a divorce to Ms. Templeton.  The circuit court reserved the issue of property division and referred this issue to a special master for proof.

Ms. Templeton states that during the parties' twenty-one years of marriage, she earned $309,451.03 while working as a teacher in the Warren County School System.  She claims that Mr. Stiles has held at least thirteen different jobs throughout the twenty-one years of marriage and has earned $148,183.16.  Ms. Templeton asserts that she supported Mr. Stiles while he obtained an associate's degree, obtained a bachelor's degree, and trained to be a real estate auctioneer and appraiser.  Ms. Templeton also claims that she paid for Mr. Stiles' medical and dental insurance during the marriage.

In March 1999, the parties were instructed to make a complete list of all property, marital or otherwise, exchange these lists, and supply the clerk and master with a copy.  The clerk and master stated that only Ms. Templeton complied with the instruction.[2]  Ms. Templeton made lists of the marital property, the separate property, the property she wished to retain, and the property she proposed Mr. Stiles retain.  Ms. Templeton proposed that Mr. Stiles retain all the guns with the exception of a twenty gauge Winchester gun. The clerk and master recommended that the trial court divide the parties' property based on Ms. Templeton's lists.

On August 2, 1999, the trial court heard the matter.  Mr. Stiles testified that he has no retirement but should be awarded part of Ms. Templeton's Tennessee Consolidated Retirement account and IRA.  Mr. Stiles also claimed that the guns were not marital property and that he should

---

[1]Rule 10 (Court of Appeals).  <u>Memorandum Opinion</u>– (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Mr. Stiles claims that he timely submitted his lists to his attorney, but he does not know what happened to the lists at that point.  He asserts that he later realized that the lists had not been submitted to the clerk and master, and he then submitted the lists.

be awarded all the guns. The trial court refused to hear Mr. Stiles' proof regarding the improvements made to the real estate in order to aid the trial court in dividing the money from the sale of the property.

In making its decision, the trial court agreed to consider Mr. Stiles' lists even though they were not timely submitted to the clerk and master. The trial court stated that it considered the clerk and master's special report but did not accept its conclusions in all respects. The trial court entered its final order on August 19, 1999 and divided the property as follows:

| Property | Awarded to |
|---|---|
| (1) equity balance from sale of Baker Mountain Road real estate[3] | ½ to Ms. Templeton; ½ to Mr. Stiles |
| (2) equity balance from sale of Pistole Lane real estate | ½ to Ms. Templeton; ½ to Mr. Stiles |
| (3) proceeds from sale of Harvest Farms real estate | ½ to Juanita King;[4] 1/4 to Ms. Templeton; 1/4 to Mr. Stiles |
| (4) Tennessee Consolidated Retirement account benefits, IRA, and checking and savings accounts | Ms. Templeton |
| (5) $6,900.00 escrow cash | Mr. Stiles |
| (6) all guns | Ms. Templeton |
| (7) 1994 Nissan pickup, 1987 Suburban, 1991 Nissan pickup, 1982 RV Motor Home, and 1992 Astro boat and trailer | Mr. Stiles |
| (8) 1993 Nissan convertible, 1995 Tahoe, 1976 Corvette, and 1983 125 CC Yamaha motorcycle | Ms. Templeton |
| (9) various items of personal property | Mr. Stiles |
| (10) various items of personal property | Ms. Templeton |

---

[3] The trial court directed all the real estate to be sold. Money remaining after payment of all mortgages was to be divided between the parties as ordered by the trial court.

[4] Juanita King ("Ms. King") is Ms. Templeton's mother. Ms. King made the down payment of approximately $17,500.00 on the Harvest Farms real estate.

On September 17, 1999, Mr. Stiles filed a motion for a new trial, asserting that the trial court's property division was inequitable and erroneous. On December 3, 1999, the trial court denied Mr. Stiles' motion. This appeal followed.

## II. Standard of Review

In this non-jury case, our review is *de novo* upon the record with a presumption of the correctness of the trial court's findings of fact unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). No presumption of correctness attaches to the lower court's conclusions of law. See Jahn v. Jahn, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

## III. Law and Analysis

The following issues are presented for our review: (1) whether the trial court erred in failing to award Mr. Stiles the guns; (2) whether the trial court erred in failing to award Mr. Stiles any of Ms. Templeton's retirement accounts; and (3) whether the trial court erred in refusing to hear proof of Mr. Stiles' contribution to improvements of the real estate. We will examine each of these issues in turn.

Mr. Stiles first argues that the trial court erred in failing to award him the guns. In making its determination, the trial court stated, "I want [Ms. Templeton] to have the guns, because I have tried to make up for that in what I have given [Mr. Stiles]. I think she ought to have the guns. Here, again, I have tried to balance that out as best I could." The record reflects, however, that, Ms. Templeton proposed that Mr. Stiles retain all the guns with the exception of a twenty gauge Winchester gun. Ms. Templeton made no retreat from this proposal at the hearing. The trial court reiterated this proposal at the hearing. Mr. Stiles affirmed at the hearing that he wished to retain all the guns, and he testified that the guns are not marital property. Regardless of Ms. Templeton's proposal agreed to by Mr. Stiles, the trial court awarded all the guns to Ms. Templeton. Mr. Stiles argues on appeal that he should be awarded all the guns except the twenty gauge Winchester gun which should be awarded to Ms. Templeton. We agree. The trial court erred in refusing to honor Ms. Templeton's proposal which was agreed to by Mr. Stiles. Accordingly, the trial court's decision on this issue is reversed.

Mr. Stiles next argues that the trial court erred in failing to award him any of Ms. Templeton's retirement accounts. The trial court awarded Ms. Templeton her Tennessee Consolidated Retirement account benefits and her IRA, totaling approximately $65,000.00. After characterizing the parties' assets as either marital or separate property, the trial court will make an equitable division of marital assets. An equitable division of property does not necessarily mean an equal division. Bookout v. Bookout, 954 S.W.2d 730, 732 (Tenn. Ct. App. 1997); Batson v. Batson, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). "The division of the estate is not rendered inequitable simply because it is not mathematically equal, or because each party did not receive a share of every item of marital property." King v. King, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998) (citing Cohen v. Cohen, 937 S.W.2d 823, 832 (Tenn. 1996); Ellis v. Ellis, 748 S.W.2d 424, 427 (Tenn. 1988);

Brown v. Brown, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994)). In determining what constitutes an equitable division of marital assets, the court will consider the factors listed in section 36-4-121(c) of the Tennessee Code.[5] The trial court's classification and division of marital property enjoys a presumption of correctness and will be reversed or modified only if the evidence preponderates against the court's decision. Lancaster v. Lancaster, 671 S.W.2d 501, 502 (Tenn. Ct. App. 1984); Hardin v. Hardin, 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983). "[T]he trial court is granted broad discretion in adjusting and adjudicating the parties' interest in all jointly owned property. Its decision regarding division of the marital property is entitled to great weight on appeal." Watters v. Watters, 959 S.W.2d 585, 590 (Tenn. Ct. App. 1997) (citing Batson, 769 S.W.2d at 859). The fairness of the property division is judged upon its final results. See Wade v. Wade, 897 S.W.2d 702, 717 (Tenn. Ct. App. 1994) (citing Thompson v. Thompson, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990)). With the foregoing in mind and considering all relevant factors, we do not find that the trial court erred in failing to award Mr. Stiles any of Ms. Templeton's retirement accounts. Accordingly, the trial court's decision on this issue is affirmed.

Finally, Mr. Stiles argues that the trial court erred in refusing to hear proof of Mr. Stiles' contributions to the improvements of the real estate. At the hearing, Mr. Stiles' attorney questioned the trial court whether it wished to hear proof regarding the improvements that either party made to the real estate. The trial court refused to hear such proof. In Tennessee, the trial court has wide discretion in admitting or excluding evidence. When arriving at a determination to admit or exclude even that evidence which is considered relevant trial courts are generally accorded a wide degree of latitude and will only be overturned on appeal where there is a showing of abuse of discretion. See Inman v. Aluminum Co. of America, 697 S.W.2d 350 (Tenn. Ct. App. 1985); Austin v. City of

---

[5]Section 36-4-121(c) of the Tennessee Code provides:

> In making equitable division of marital property, the court shall consider all relevant factors including:
> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party; and
> (10) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121© (1996).

Memphis, 684 S.W.2d 624 (Tenn. Ct. App. 1984); Strickland v. City of Lawrenceburg, 611 S.W.2d 832 (Tenn. Ct. App. 1980). We find no abuse of discretion by the trial court in excluding evidence of contributions to the improvements of the real estate. Accordingly, the trial court's decision on this issue is affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed in part, reversed in part, and remanded to the trial court for entry of a judgment in conformity with this opinion. Costs of this appeal are taxed equally between the Appellant, Jeffrey Lynn Stiles, and the Appellee, Patsy (Stiles) Templeton, for which execution may issue if necessary.

 

_____
ALAN E. HIGHERS, JUDGE