IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2006 Session

## OSCAR SEVILLA v. DOUGLAS COX

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4516     J. Weber McCraw, Judge**

**No. W2006-01009-COA-R3-CV - Filed December 18, 2006**

The trial court awarded summary judgment in favor of Defendant in this negligence action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Steven G. Roberts, Memphis, Tennessee, for the appellant, Oscar Sevilla.

S. Newton Anderson, Memphis, Tennessee, for the appellee, Douglas Cox.

**OPINION**

This dispute arises out of an injury suffered by Plaintiff Oscar Sevilla (Mr. Sevilla) on Defendant Douglas Cox's (Mr. Cox's) property in September 2002. Mr. Sevilla is an immigrant from Honduras who has been in the United States since April 2002. He is a native Spanish-speaker who, at the time of the injury, spoke very little English.

On August 27, 2002, Mr. Cox hired Mr. Sevilla and several other men to work as day-laborers on 30 acres of land in Fayette County. Over a period of several days, Mr. Cox or his friend, Terrence Starnes, transported the workers from Jackson Avenue in Memphis to Mr. Cox's property in Fayette County and returned them to Jackson Avenue each evening. The men performed various jobs, including cleaning out a swimming pool and clearing trees, for which Mr. Cox paid them $10.00 an hour in cash on a daily basis. Mr. Cox did not communicate with the workers in Spanish, but one of the other workers, Mr. Miguel Vasquez (Mr. Vasquez), acted as an informal interpreter.

On September 2, Mr. Sevilla was injured while using a tractor provided by Mr. Cox to clear land. According to Mr. Sevilla's deposition in this matter and brief to this Court, he parked the tractor on a hill in order to tie a rope around wood approximately six feet behind the tractor. The tractor rolled backwards, pinning Mr. Sevilla's right leg between the metal plate on the back of the tractor and the wood. Mr. Cox took Mr. Sevilla to the hospital in Somerville, which transferred him to the MED. Mr. Sevilla was hospitalized for twenty days and underwent four surgeries to his leg.

On June 24, 2003, Mr. Sevilla filed a complaint against Mr. Cox in the Circuit Court for Fayette County seeking damages on the alternate grounds of workers' compensation and tort/negligence. In his complaint, Mr. Sevilla asserted he was injured while standing away from the tractor when "the employee driving the tractor lost control and the tractor went backwards onto [his] leg . . . ." He alleged Mr. Cox had been negligent by failing to train Mr. Sevilla and the other laborers; by failing to provide proper tools; by providing a defective tractor; by failing to warn the laborers that the tractor was defective; and by failing to use ordinary care to avoid exposing Mr. Sevilla to an unreasonable risk of harm. Mr. Sevilla sought workers' compensation benefits or, in the alternative, compensatory damages in the amount of $600,000.

In his answer, Mr. Cox asserted Mr. Sevilla was working as an independent contractor at the time of the injury, and that Mr. Sevilla was not entitled to workers' compensation benefits. He admitted that he did not supervise Mr. Sevilla or the other laborers, and denied he had any duty to do so. Mr. Cox denied the accident happened in the manner alleged by Mr. Sevilla, and denied all allegations of negligence. Mr. Cox additionally asserted the defense of comparative negligence and contended that any injuries to Mr. Sevilla were caused by Mr. Sevilla's own failure to exercise reasonable and ordinary care in operating the tractor and failure to exercise reasonable caution for his own safety. He denied the existence of any dangerous or defective condition.

Mr. Cox moved for summary judgment on December 2, 2005. In his motion, Mr. Cox asserted Mr. Sevilla was an independent contractor and denied all negligence. He asserted that Mr. Vasquez had served to facilitate communication between himself and the laborers, and that Mr. Vasquez assigned the tractor work to Mr. Cox. He denied being aware of any defect or dangerous condition, including any defect in the tractor. He further asserted the tractor operated properly after the accident.

Mr. Sevilla filed his motion and statement of undisputed facts opposing Mr. Cox's motion for summary judgment on March 22, 2006. He asserted that Mr. Cox, and not Mr. Vasquez, had assigned the tractor work to him, and further asserted Mr. Cox was negligent in failing to train and supervise the laborers and in failing to provide the proper tools. He also asserted that Mr. Cox failed to provide a tractor in proper working condition, and that the tractor was defective. He submitted: "[b]ut for the tractor coming out of gear and rolling onto the Plaintiff's leg, this accident would not have happened." The trial court awarded summary judgment to Mr. Cox on April 19, 2006, and Mr. Sevilla filed a timely notice of appeal to this Court on May 8, 2006.

## *Issue Presented*

Mr. Sevilla presents one issue of our review:

> [Whether] the trial court erred in granting the Defendant's motion for summary judgment as to the personal injury/negligence claim as there are genuine issues of material fact.

## *Standard of Review*

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* A mere assertion that the nonmoving party has no evidence does not suffice to entitle the moving party to summary judgment. *Id.* In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley*, 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

## *Analysis*

In his brief to this Court, Mr. Cox asserts Mr. Sevilla has waived all arguments predicated on his assertion that he was an employee and not an independent contractor at the time of the injury by failing to raise the issue in his Statement of Issues. We agree. We may consider an issue waived where it is argued in the brief but not designated as an issue. *Childress v. Union Realty Co.*, 97 S .W.3d 573, 578 (Tenn. Ct. App.2002). Accordingly, we decline to address this issue here. We confine our review, therefore, to whether a genuine issue of material fact exists which would preclude an award of summary judgment regarding negligence in this matter. We hold that summary judgment is appropriate in this matter where Mr. Sevilla has failed to come forward with any evidence that the tractor provided by Mr. Cox and used by Mr. Sevilla on the day he was injured was defective.

It is well-established that to establish negligence the plaintiff must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. *McClung v. Delta Square Ltd.*, 937 S.W.2d 891, 894 (Tenn.1996). The courts have defined duty of care as "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm." *Id.* The existence of a duty is a question of law. *Id.* Generally, an employer is not liable for his independent contractor's injury-producing negligent acts unless the injury was due to a negligent act of the employer himself. *Inman v. Aluminum Co. of Am.*, 697 S.W.2d 350, 352-53 (Tenn. Ct. App. 1985)(citations omitted). The status of an independent contractor is that of an invitee as long as he "(1) is using such portion of the premises as reasonably comes within the limits of the invitation, (2) during the time the invitation reasonably extends, and (3) for the purpose reasonably intended by the invitation[.]" *Id.* at 353 (citations omitted). Thus, one who has hired an independent contractor has a duty to exercise reasonable care to provide a reasonably safe working environment. *Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996). This duty includes furnishing warning of or protection against dangers or defects that are hidden or unknown to the independent contractor. *Id.*

> Tennessee law recognizes an exception,
>
> where the risks arise from, or are intimately connected with, defects of the premises or machinery or appliances located thereon which the contractor has undertaken to repair. As to contracts for such repair work, it is reasoned that the contract is sufficient in itself to impart notice of a defect, the extent of which the repairman must discover for himself. This is merely to say that one assumes the risk of a known danger or of an undertaking which is inherently dangerous.

*Id.* at 76-77 (quoting *Shell Oil Co. v. Blanks*, 330 S.W.2d 569, 571 (Tenn. Ct. App. 1959)). This exception, however, does not extend to situations in which the premises owner provides false or misleading information. *Bennet v. Trevecca Nazarene Univ.*, No. M2004-01287-COA-R3-CV, 2005 WL 2487979, at *5-9 (Tenn. Ct. App. Oct. 7, 2005) *perm. app. granted* (Tenn. Mar. 20, 2006). The overriding duty to avoid misrepresentation where one undertakes to speak, or where one has knowledge of material facts not accessible to the independent contractor, supercedes this exception. *Id.* at *8. In such a case, the owner is liable for negligently providing false information. Further, although one who employs an independent contractor has a duty to provide a reasonably safe working environment, he is under no duty to discover and warn against conditions created by the independent contractor. *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992).

In this case, it is undisputed that Mr. Cox hired Mr. Sevilla and several other adult men to work as day-laborers to clear property in Fayette County. Additionally, in his deposition, Mr. Sevilla stated that he previously had used tractors for clearing yards and "all that kind of stuff," albeit tractors of different make and model. He further stated that he had used Mr. Cox's tractor for several days without incident, and that it had not previously rolled backward.

We agree with Mr. Cox that he was under no duty to train or supervise Mr. Sevilla in the use of the tractor where Mr. Sevilla acted as an independent contractor and held himself out to be qualified to operate the tractor. However, having assumed responsibility for providing tools and equipment to the day-laborers, Mr. Cox was under a duty to ensure that the tools and equipment he provided were in safe working condition and free from known hidden defects. Accordingly, we turn to whether Mr. Sevilla has brought forth any evidence to suggest that Mr. Cox breached this duty.

In his complaint, response to Mr. Cox's motion for summary judgment, and brief to this Court, Mr. Sevilla asserted that the issue of whether the tractor was defective is a disputed issue of material fact. However, Mr. Sevilla has offered no evidence to suggest that Mr. Cox had notice of an alleged defect in the tractor or that the tractor was, in fact, defective. It is undisputed that Mr. Sevilla used the tractor for at least two days prior to the date of injury, and that the tractor worked properly during this time. Mr. Cox, moreover, stated in his statement of undisputed facts that he was unaware of any defect in the tractor prior to the accident injuring Mr. Sevilla, and that the tractor continued to work properly after the accident. Mr. Sevilla offers no evidence to refute these statements and did not dispute or deny them in his statement of undisputed facts.[1]

Mr. Sevilla's argument in this case, as we perceive it, is that the tractor would not have rolled backward down the hill had it not slipped out of park due to some defect. He simply has failed to come forward with any evidence, however, to demonstrate that the tractor in fact slipped out of park, that it did so due to a defect, or that Mr. Cox had knowledge of an alleged defect. In short, Mr. Sevilla offers no evidence to suggest that Mr. Cox negligently provided an unsafe or defective tractor.

### *Holding*

In light of the foregoing, we affirm the trial court's award of summary judgment to Mr. Cox. Costs of this appeal are taxed to the Appellant, Oscar Sevilla, and to his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[1] In his statement of undisputed facts, Mr. Sevilla stated that he accepted Mr. Cox's statement of undisputed facts except for those noted. Mr. Cox's statements regarding the tractor were not among those excepted.