Vicki Lynn JOHNSON, Surviving Spouse of Thomas Wayne Johnson, Plaintiff–Appellant,

v.

EMPE, INC. and City of Bristol, Tennessee, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

Feb. 25, 1992.

Permission to Appeal Denied by Supreme Court
June 22, 1992.

Walter O. Waddey, Kingsport, for appellant, Vicki Lynn Johnson.

Frank Winston, Jack W. Hyder, Jr., Bristol, for appellee, City of Bristol.

W. Carr Hagan, Jr., Kingsport, for appellee, EMPE, Inc.

## OPINION

McMURRAY, Judge.

The plaintiff, widow of Thomas Wayne Johnson, filed this action to recover damages for the wrongful death of her husband. The record reflects that Thomas Wayne Johnson, an employee of Baker Construction Company, was killed during the course of his employment when an excavation in which he was working collapsed on him. Baker Construction Company was the deceased's immediate employer and a contractor engaged in the construction of a sewer project for the defendant, City of Bristol. The defendant, EMPE, Inc., was the project engineer.

The material allegations in the complaint relating to the defendant, City of Bristol, are as follows:

That Bristol, Tennessee, is a municipal corporation located in Sullivan County, Tennessee. That said Municipality acts through its servants, agents and employees. That as such, it is under a duty to provide a reasonably safe work place. That Bristol, Tennessee, failed to provide a reasonably safe work place for their general contractor's employees, and that such failure constitutes negligence.

That Bristol, Tennessee, owned and physically controlled a public street known as State Street and negligently allowed a dangerous, defective condition to exist. By and through their employees, as defined in Tennessee Code Annotated § 29-20-107, the city had actual or constructive knowledge of said condition and failed to repair or warn of said condition. That the maintenance of said condition, the failure to repair said condition and the failure to warn of said condition constitutes negligence.

The City of Bristol had a duty, by and through its employees as defined in Tennessee Code Annotated § 29-20-107, to inspect its own property while said property was the subject of such a project to assure compliance by their general contractors with, at least, a minimum safety standards and OSHA requirements; and said city failed to require the contractor to meet its contractual obligations to perform the work in a safe and lawful manner. That such conduct constitutes negligence.

The plaintiff asserts that the defendant, EMPE, was guilty of negligence in that it failed to inspect the project and assure completion of the project in a timely, efficient and safe manner; failed to require the contractor to shore up or otherwise protect the excavation; and, failed to require the contractor to comply with applicable OSHA standards. She further asserts that EMPE failed to warn the deceased of the danger that the excavation posed.

In response to the complaint, both EMPE and the City of Bristol filed motions to dismiss or in the alternative for a summary judgment. The defendant, City of Bristol relied upon the Governmental Tort Liability Act as a bar to the action and further insisted that the complaint failed to state a cause of action as to this defendant. EMPE based its motion on the proposition that it had no responsibility for safety measures and/or precautions and asserted that this responsibility was solely that of the general contractor. After a hearing on the motions, the court sustained the motion of the City of Bristol but overruled the motion of EMPE.

Thereafter, after discovery depositions had been taken, EMPE filed a second motion to dismiss and for summary judgment. The second motion was supported with evidence which had not been submitted in support of the first motion. The court sustained the second motion on the grounds that there was no legal duty owed to the deceased by this defendant.

The plaintiff appeals from the judgment of the court dismissing the action both as to the City of Bristol and EMPE. We affirm the judgment of the court.

The plaintiff presents the following issues for our consideration:

1. Whether or not the trial court was correct in granting the defendant, EMPE, Inc., a summary judgment dismissal against the plaintiff, pursuant to its "Motion to Dismiss and Second Motion for Summary Judgment," the first motion for summary judgment having been overruled and a jury trial ordered as to it.

2. Whether or not the trial court was correct in granting the defendant City of Bristol, Tennessee, a summary judgment against the plaintiff.

We will first consider the issue relating to the City of Bristol. The City of Bristol specifically relied upon T.C.A. §§ 29–20–201, 29–20–203, 29–20–204, 29–20–205(1), (4) and 29–20–303. These sections provide in pertinent part as follows:

**29–20–201. General rule of immunity from suit—Exceptions.**—(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of said governmental entities wherein said governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

(b) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

**29–20–203. Removal of immunity for injury from unsafe streets and highways—Notice required.**—(a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity.

(b) ...

**29–20–204. Removal of immunity for injury from dangerous structures—Exception—Notice required**—(a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

(b) ...

**29–20–205. Removal of immunity for injury caused by negligent acts or omission of employees—Exceptions.**—Immunity from suit ... is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

\* \* \* \* \* \*

(4) Arises out of the failure to make an inspection, or by reason of making an inadequate inspection of any property;

\* \* \* \* \* \*

**29–20–303. Failure to comply with notice requirements.**—Failure to comply fully with notice requirements of this chapter shall be as valid and complete defense to any liability of a governmental entity which might otherwise exist by virtue of this chapter.

It is patently clear that the allegations charging the city with failure to inspect the premises fall directly within the exception of T.C.A. § 29–20–205(4) and any action based thereon is barred. It is likewise patently clear that a public sewer project construction site, which coincidentally is located on a public street does not fall within the contemplation or clear meaning of T.C.A. § 29–20–203 which removes immunity for a suit arising out of a defective, unsafe or dangerous condition of any street, alley, sidewalk or highway. Therefore, this section has no application to the case at hand. The result perhaps might be different if the injury complained of arose from the use of a street, alley, sidewalk or highway for its intended purpose. The injury here, however, arose directly from the construction activity of the general contractor and not a defect in the street.

We will next consider the viability of the plaintiff's assertion that the defendant, City of Bristol, failed to provide a

safe place for the contractor's employees to work. There is a general duty on the part of a landowner to use reasonable care to provide a safe place in which an independent contractor and his employees can work. *Hutchison v. Teeter*, 687 S.W.2d 286 (Tenn.1985). Generally, the landowner is under a duty to warn of defects on the premises. *Shell Oil Company v. Blanks*, 46 Tenn.App. 539, 330 S.W.2d 569, (1959). We are unaware of any authority, however, and none has been called to our attention, which places a burden on the landowner to discover and warn a contractor's employees of conditions created by the independent contractor during the course of work on the project. The controlling principle is correctly stated in The Tennessee Pattern Jury Instructions, Civil (2d ed.):

### T.P.I. 9.08

An owner of premises who employs a contractor to perform work on the property, but who remains in control of the premises where the work is being done, owes to the employees of the contractor a duty to exercise ordinary care in the management of the premises in order to avoid exposing the employees to an unreasonable risk of harm.

If, however, the contractor had complete control of the premises where the accident occurred and the owner had retained no control of that part of the premises except to the extent of determining if the work was being performed according to the contract, then the owner owes no duty of care to the employees of the contractor.

■ The rule may be more concisely stated. The law places the duty upon the person in control of premises to exercise reasonable and ordinary care, under the circumstances, not to cause injury to one lawfully upon the premises. *See Ruth v. Ruth*, 213 Tenn. 82, 372 S.W.2d 285 (1963). Thus, under the circumstances of this case, where the contractor was undisputedly in control of the premises, the duty was upon the contractor and not the City of Bristol. Therefore, assuming *arguendo* that this action is not barred by the Governmental Tort Liability Act, we nevertheless agree with the trial court that, as a matter of law, no duty was owed by the City of Bristol to the deceased. We are of the opinion that the summary judgment in favor of the City of Bristol was properly granted.

We will next consider the issues relating to the defendant, EMPE, Inc. We first note that this case is distinguishable from the case of *Martin v. Garner and Law, et al.*, 1991 WL 177915, Court of Appeals, E.S., opinion filed September 13, 1991. In *Martin*, a similar accident resulted in the death of employees of a contractor. There, the contract between the owner and contractor placed sole responsibility for supervision and safety on the contractor. The trial court granted a summary judgment in favor of the defendant engineering company. On appeal, the judgment was vacated and the case remanded for trial. In so doing, the court said: "Assuming *arguendo*, that defendant's contractual protection against claims of supervisory negligence protects it from liability on this issue, summary judgment was inappropriate. A material issue of fact about the adequacy of the plans was raised." In this case, there is no issue presented concerning the adequacy of the plans or design. We must, therefore, address the issue of EMPE's contractual protection.

■ Generally, an engineer or architect can avoid liability for construction accidents by contracting that they will play no significant role in supervising the construction work. *See Martin v. Garner and Law*, supra and *Oman Const. Co. v. Tenn. Central Ry. Co.*, 212 Tenn. 556, 370 S.W.2d 563 (1963). We must, therefore, look to the contract between the City of Bristol and EMPE.

The "Scope of Services" agreement between the City of Bristol and EMPE provides in relevant part as follows:

The following are work tasks associated with the engineering services relating to the construction of [the project]:

\* \* \* \* \* \*

1. Providing general engineering supervision of the project, giving assurance that the contractor is performing in accordance with the plans and specifications.

\*   \*   \*   \*   \*   \*

4. Interpretation of the intent of the drawings and specifications to protect the owner against defects and deficiencies in construction.

The contract between the City of Bristol and Baker Construction Company provides in relevant parts as follows:

## ARTICLE 6—CONTRACTOR'S RESPONSIBILITIES

*Supervision and Superintendence:*

6.1 CONTRACTOR shall supervise and direct the Work completely and efficiently, devoting such attention thereto and applying such skills and expertise as may be necessary to perform the Work in accordance with the Contract Documents. CONTRACTOR shall be solely responsible for the *means, methods, techniques, sequences and procedures* of construction, but CONTRACTOR shall not be responsible for the negligence of others in the design or selection of a specific means, method, technique, sequence or procedure of construction which is indicated in and required by the Contract Documents. CONTRACTOR shall be responsible to see that the finished Work complies accurately with the Contract Documents. (Emphasis added).

6.2 CONTRACTOR shall keep on the Work at all times during its progress a competent resident superintendent ...

*Labor, materials and Equipment:*

6.3 CONTRACTOR shall provide competent, suitably qualified personnel to survey and lay out the Work and perform construction as required by the Contract Documents....

6.4 Unless otherwise specified in the General Requirements, CONTRACTOR shall furnish and assume full responsibility for all materials, equipment, labor, transportation, construction equipment ... necessary for the furnishing, perfor-

mance, testing, start-up and completion of the Work.

\*   \*   \*   \*   \*   \*

*Laws and Regulations:*

6.14.1 CONTRACTOR shall give all notices and comply with all Laws and Regulations applicable to furnishing and performance of the Work. Except where otherwise expressly required by applicable Laws and Regulations, neither *OWNER nor ENGINEER shall be responsible for monitoring CONTRACTOR'S compliance with any Laws and Regulations.* (Emphasis added).

6.14.2 If CONTRACTOR observes that the Specifications or Drawings are at variance with any Laws or Regulations, CONTRACTOR shall give ENGINEER prompt written notice thereof, and any necessary changes will be authorized by one of the methods indicated in paragraph 3.4....

\*   \*   \*   \*   \*   \*

*Safety and Protection:*

6.20 CONTRACTOR shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the Work. CONTRACTOR shall take all necessary precautions for the Safety of, and shall provide the necessary protection to prevent damage, injury or loss to:

6.20.1 all employees on the Work and other persons and organizations who may be affected thereby;

6.20.2 all the Work and materials and equipment to be incorporated therein, whether in storage on or off the site; and ...

CONTRACTOR shall comply with all applicable Laws and Regulations of any public body having jurisdiction for the safety of persons or property or to protect them from damage, injury or loss; and *shall erect and maintain all necessary safeguards for such safety and protection....* (Emphasis added).

6.21 CONTRACTOR shall designate a responsible representative at the site whose duty shall be the prevention of accidents....

## ARTICLE 9—ENGINEER'S STATUS DURING CONSTRUCTION

*Owner's Representative:*

9.1. ENGINEER will be OWNER'S representative during the construction period. The duties and responsibilities and the limitations of authority of ENGINEER as OWNER'S representative during construction are set forth in the Contract Documents and shall not be extended without written consent of OWNER and ENGINEER.

\* \* \* \* \* \*

*Limitations on ENGINEER'S Responsibilities:*

9.13 Neither ENGINEER'S authority to act under this Article 9 or elsewhere in the Contract Documents nor any decision made by the ENGINEER in good faith either to exercise or not to exercise such authority shall give rise to any duty or responsibility of ENGINEER to CONTRACTOR, any sub-contractor, any supplier, or any other person or organization performing any of the Work, or to any surety for any of them.

9.14 Whenever in the Contract Documents, the terms ... are used to describe a requirement, direction, review or judgment of ENGINEER as to the Work, it is intended that such requirement, direction review or judgment will be solely to evaluate the Work for compliance with the Contract Documents.... The use of such term or adjective shall not be effective to assign to ENGINEER *any duty or authority to supervise or direct the furnishing or performance of the Work or any duty or authority to undertake responsibility contrary to the provisions of paragraph 9.15 or 9.16.* (Emphasis added).

9.15 ENGINEER will not be responsible for CONTRACTOR'S means, methods, techniques, sequences or procedures of construction, or the safety precautions and programs incident thereto, and ENGINEER will not be responsible for CONTRACTOR'S failure to perform or furnish the Work in accordance with the Contract Documents.

9.16 ENGINEER will not be responsible for the acts or omissions of CONTRACTOR or of any subcontractor, any supplier, or of any other persons or organization performing or furnishing any work.

\* \* \* \* \* \*

*Owner May Stop the Work:*

13.10 If the work is *defective*, or CONTRACTOR fails to supply sufficient skilled workers or suitable materials or equipment, or fails to furnish or perform the Work in such a way that the completed Work will conform to the Contract Documents, OWNER may order CONTRACTOR to stop the Work, or any portion thereof, until the cause for such order has been eliminated; however, this right of OWNER to stop the Work shall not give rise to any duty on the part of OWNER to exercise this right for the benefit of CONTRACTOR or any other party. (Emphasis in original).

▮ The Contract Documents, viewed as a whole, and especially in the light of the above quoted portions seem abundantly clear that EMPE as project engineer had no authority and no significant role in supervising the construction work. Therefore, under the authority of *Oman Const. Co. v. Tenn. Central Ry. Co.*, supra, liability cannot attach to EMPE for faulty working conditions created by the contractor.

We have taken note of the extensive affidavit of Dr. Edmond P. Ryan relating to the standard of care of professional engineers. Accepting his affidavit as satisfactorily establishing the standard of care required of a professional engineer, which we must on motion for summary judgment, it is, nevertheless, not dispositive of any issue. In cases, as here, where a professional engineer does not possess the authority to conform to the stated standard of care, *i.e.*, where that authority has been contracted away by the contract documents, the professional engineer is no longer functioning in the capacity of a professional engineer. Here, under the contract documents, he is limited to overseeing the project for the single purpose of assuring the owner that the end result conforms to

the plans and specifications. Thus, since he is not functioning as a professional engineer, a professional engineer's standard of care is inapplicable.

We again note that EMPE is not charged with negligence in preparing the plans and specifications. Additionally, EMPE had no control over the project site and no power to order the work halted except, if at all, for defective work. Further, there is no basis for vicarious liability.

■ In our review of the trial court's action in granting summary judgment, we note that no presumption of correctness attaches to decisions granting summary judgments because they involve only questions of law. Thus, on appeal, we must make a fresh determination concerning whether or not the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Hill v. City of Chattanooga,* 533 S.W.2d 311 (Tenn.App.1975). In doing so, we must consider the pleadings and the evidentiary materials in a light most favorable to the motion's opponent, and we must draw all reasonable inferences in the opponent's favor. *Blocker v. Regional Medical Center,* 722 S.W.2d 660 (Tenn.1987); *Poore v. Magnavox Co.,* 666 S.W.2d 48 (Tenn.1984). In this case, we have gone further. We have assumed that all factual allegations in the complaint are true. We, however, have made no such assumption regarding conclusory allegations. We have likewise considered all facts in evidence in the light most favorable to the plaintiff and discarded all evidence to the contrary. We have also discarded conclusions of law and opinions of experts not based on facts in evidence. In so doing, we have relied upon the principles outlined in *Fowler v. Happy Goodman Family,* 575 S.W.2d 496 (Tenn.1978). Such evidence, without more, does not constitute admissible evidence as required by Rule 56.05, T.R.C.P. After so doing, we are satisfied that there is no genuine issue as to any material fact and that the defendant EMPE is entitled to judgment as a matter of law. Accordingly, we are of the opinion that the summary judgment was properly granted.

Having resolved all the issues in favor of the appellees, we affirm the judgment of the trial court. Costs are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.