**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION**

FILED

July 24, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| HUEY A. HOWELL, | ) | LOUDON CHANCERY |
| | ) | |
| Plaintiff/Appellant | ) | |
| | ) | |
| v. | ) | NO. 03A01-9704-CH-00127 |
| | ) | |
| CITY OF LENOIR CITY, TN, ET AL, | ) | HON. FRANK V. WILLIAMS, III |
| | ) | |
| Defendants/Appellees | ) | REVERSED in part; |
| | ) | AFFIRMED in part, and |
| | ) | REMANDED |

Wayne A. Ritchie, II, Knoxville, for Appellant

Pamela L. Reeves, Knoxville, for Appellees

**O P I N I O N**

_____INMAN, Senior Judge

The plaintiff was injured when a large, long-dead tree fell from an embankment onto the top of his automobile as he was driving on First Avenue [Rock Springs Road] in Lenoir City, Tennessee.

In his twice-amended complaint filed in the Circuit Court the plaintiff seeks to recover damages for his injuries. He alleged that the tree was situated on property owned by the defendant Lenoir City which had actual or constructive notice of its dangerous condition or the danger it posed to the public, and therefore enjoyed no immunity pursuant to T. C. A. § 29-20-203(b). Alternately, the plaintiff alleged that the defendant Lenoir City Company owned the land on which the tree was situated; still alternatively, the plaintiff alleged that the defendant Martha Corlew owned said land, and that the defendants jointly and severally had actual or constructive notice of the dangerous condition of the tree and negligently failed to remove it.

The Lenoir City Company filed its answer in course, and denied ownership of the property on which the tree was situated. The answer was followed shortly by a motion for summary judgment supported by the affidavit of Phyllis V. Edwards, Secretary of Lenoir City Company, Inc., who testified that:

> " . . . it appears that the residence of the defendant Martha Corlew is located on part of the acreage of Lenoir City Company, Inc. sold to J. L. Boggs on July 1, 1907 . . . I can find no records indicating that the property described in the complaint is owned by the Lenoir City Company, Inc."

The defendant Lenoir City filed no answer so far as the record reveals. It filed a motion for summary judgment alleging (1) that the property upon which the tree was located is not the property of the City; (2) that said property was not maintained or used by the City, and for these reasons the "City had no authority to enter onto this land and cut or trim this tree and further had no notice either actual or constructive of the tree." This motion was supported by the affidavit of Terry Vann, City Attorney, who testified that he had reviewed the public record and "that there has never been any dedication of city streets or public rights of way to Lenoir City, Tennessee. There are no rights of way recognized in the Registrar [sic] of Deeds Office." He further testified that the records do not reflect that the property adjacent to Rock Springs Road "belongs to Lenoir City," or "that Lenoir City has any right of way adjacent to the street." The motion was supported further by the affidavit of John R. Johnson, head of the Lenoir City Street Department, who testified that the City "does not have any right of way over the portion of the embankment where this tree stood," and that "we did not trim or mow that portion of the embankment" and that his Department "has no record of receiving any notice of any problems with the tree in question."

The defendant Martha Corlew filed no answer so far as the record reveals but filed a motion for summary judgment, supported by her affidavit that she did not own the land on which the tree stood, and further supported by the affidavit of a surveyor, David B. Gibson, that he made a survey of Corlew's property and that the fallen tree was not located thereon, but appeared to have been *located on property owned by Lenoir City."*

2

The *plaintiff* filed a motion for partial summary judgment alleging that

> "the land upon which the subject tree is located is owned by
> the City of Lenoir City, Tennessee."

This motion was supported, *on the issue of liability,* by the affidavit of David B. Gibson, heretofore referenced. The plaintiff thereafter submitted the affidavit of Doyle Arp, property assessor of Loudon County, who testified that "no taxes have been assessed or solicited to be paid for said property," referring to the strip of land between the Corlew property and the paved portion of First Avenue on which the tree was located. The affidavit of Don Lane, former Mayor of Lenoir City, was also submitted. He testified that he was familiar with the subject property, and that

> "prior to and at the time of subject accident the City was in the habit of
> waiting until tree limbs, debris, etc. had fallen and needed to be removed
> from said property before the City would take any action . . . the City did
> not take any preventive action to address the problem of decaying trees
> on the embankment . . . "

*By agreed order,* the case was transferred to the Chancery Court "for a ruling upon the issue of ownership of the real estate," if the parties could not otherwise agree.

They did not agree, and the Circuit Court thereupon entered an *Order of Transfer and Bifurcation,* which provided ". . . *the above styled matter is hereby bifurcated, with the Circuit Court retaining jurisdiction over the tort aspects of the cause and with the boundary line and ownership issues to be determined by the Loudon County Chancery Court . . . "*

The case was heard December 4, 1995 in the Chancery Court on the various motions for summary judgment. A judgment was rendered dismissing the complaint as to *all* defendants. Whereupon, the plaintiff filed a RULE 59.04 motion to alter or amend the judgment dismissing Lenoir City because a genuine issue of material fact existed as to the liability of the City pursuant to the Government Tort Liability Act, T. C. A. § 29-20-101 *et seq.*, and that "the *judgment be amended to apply only to the defendants Martha Corlew and Lenoir City Company."*

3

The RULE 59 motion was heard November 22, 1996. The Chancellor filed a comprehensive Opinion to "revisit the issues and clarify the earlier ruling." The plaintiff apparently attempted to revitalize his theory that Martha Corlew owned the land between her residence lot and First Avenue,[1] which triggered a title analysis of the Corlew property. The Chancellor concluded that there was no evidence of dedication of the disputed land to the City,[2] nor evidence of control, and that the land on which the tree stood continues to be titled in J. L. Boggs or his heirs, holding

> "mere dedication by the Lenoir City Company or Boggs of the land for use as a public road does not relieve Boggs of responsibility for the undeveloped and unaccepted portion of First Avenue, even though the City, *by reason of the dedication,* has the option of eventually accepting the *entire 60-foot easement.*"

The RULE 59 motion was denied, and the case was dismissed as to all defendants.

The plaintiff appeals and presents for review the propriety of the dismissal of the action against all three (3) defendants.

Since the plaintiff alleged in his motion for partial summary judgment that the tree stood on land *owned by Lenoir City,* and in legal effect therefor conceded that Martha Corlew and the Lenoir City Company were properly dismissed, we will consider only the propriety of the dismissal of Lenoir City. Our review is *de novo* on the record, with no presumption of correctness since the issue is one of law. *Johnson v. EMPE, Inc.,* 837 S.W.2d 62 (Tenn. Ct. App. 1992).

At the outset, we do not consider the issue of the *fee ownership* of the subject land on which the tree stood to be necessarily determinative of the liability of Lenoir City. It is not disputed that the tree was but ten feet from the edge of the pavement of First Avenue. Evidence was presented that the width of the right-of-way of First Avenue is 60 feet, which places the tree well within the City's right of way. This fact

---

[1]Somewhat mystifying since the plaintiff, in his motion for partial summary judgment, alleged that *Lenoir City owned this land;* moreover, the plaintiff, in his RULE 59 motion, asked the Court to *limit the dismissal of his complaint to Corlew and Lenoir City Company.*

[2]According to the City attorney, *no street or right of way* in Lenoir City had ever been dedicated . . . , a point not crucial to a resolution of this case.

4

appears not to have been disputed,[3] and substantially negates the issue of whether the land on which the tree stood had ever formally been dedicated to the public. Moreover, the issue of whether Lenoir City could be held liable in tort for failure to correct a dangerous condition was not within the province of the Chancery Court.

The provisions of the Government Tort Liability Act, T. C. A. § 29-20-101 *et seq.,* control this case. The Act grants immunity to governmental entities with exceptions, one of which is specified in T. C. A. § 29-20-203. This statute provides that immunity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street owned or controlled by the governmental entity. The removal of immunity in this limited context creates a duty of reasonable care on the part of municipalities to keep the streets safe. *See, Kessell v. Ashe,* 888 S.W.2d 430 (Tenn. 1994). Under this record, since the City has an easement for street purposes which encompasses the area where the tree stood, the city enjoys no immunity from liability.

Finally, it must be observed that this case was transferred to the Chancery Court - more or less by agreement - for the purpose of "ruling upon the issue of ownership of the real estate" [first order] and thereafter bifurcated [second order] with the "boundary line and ownership issues to be determined by the Chancery Court." According to the record, as we have twice noted, the plaintiff abandoned his claim against Corlew and Lenoir City Company, thereby obviating all issues save the liability of Lenoir City under the Government Tort Liability Act, jurisdiction of which was retained by the Circuit Court.

As to Lenoir City, the judgment is reversed and the case is remanded to the Chancery Court for transfer to the Circuit Court. As to Martha Corlew and Lenoir City Company, the judgment of dismissal is affirmed.

Costs are assessed to the plaintiff and Lenoir City equally.


_____
William H. Inman, Senior Judge

_____

[3]Except for the affidavit of Johnson wherein he stated a legal conclusion.

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge