IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2003 Session

## BETTY J. JENSEN v. TRACY CITY, TENNESSEE, A MUNICIPALITY

Appeal from the Circuit Court for Grundy County
No. 6136     Buddy Perry, Judge

No. M2002-02019-COA-R3-CV - Filed July 29, 2003

This is an action under the Governmental Tort Liability Act against Tracy City for an accident allegedly caused by the accumulation of gravel on a city street at the bottom of a steep hill. The Circuit Court of Grundy County granted the City summary judgment. We reverse and remand for further proceedings.

### Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and ROYCE TAYLOR, SP. J., joined.

Robert S. Peters and Mickey Hall, Winchester, Tennessee, for the appellant, Betty J. Jensen.

Steven M. Roderick and Stacy Lynn Archer, Chattanooga, Tennessee, for the appellee, Tracy City, Tennessee.

### OPINION

### I.

On May 1, 1997, the plaintiff, Betty Jensen, was driving an automobile on Altamont Street in Tracy City near the intersection with Nathurst Street. Ms. Jensen had the right of way. Jeff Thomas Meeks was driving his light truck heavily loaded with wood on Nathurst Street down the steep hill toward Altamont Street. Mr. Meeks was unable to stop and, in a cloud of flying gravel, slid into the path of Ms. Jensen's car on Altamont Street. In the resulting collision, she suffered physical injuries and damage to her automobile. The evidence suggests that all four wheels on Mr. Meeks' vehicle were locked, but the gravel caused the wheels to slide. Mr. Meeks said he could have stopped except for the gravel.

Ms. Jensen sued the City alleging that the loose gravel on Nathurst Street made the street unsafe and dangerous. The Circuit Court granted summary judgment to the City.

## II.
### A DANGEROUS STREET

The City's immunity from tort claims has been removed for any injury caused by a defective, unsafe, or dangerous condition of a street owned and controlled by the City. Tenn. Code Ann. § 29-20-203(a). As a pre-condition to recovery a plaintiff must allege and prove the City had actual or constructive notice of the condition. Tenn. Code Ann. § 29-20-203(b).

Whether a street is unsafe or dangerous is a question of fact. *Helton v. Knox County*, 922 S.W.2d 877 (Tenn. 1996). The factors to be considered in making that factual determination are "the physical aspects of the roadway, the frequency of accidents at that place in the highway and the testimony of expert witnesses." *Sweeney v. State*, 768 S.W.2d 253, 255 (Tenn. 1989). "[T]he fact of, or absence of, prior accidents is only one element in the equation." *Helton*, 922 S.W.2d at 884. In another, and perhaps more basic, test a municipality is said to be "liable when it appears that the [condition] constituted a danger from which injury might be reasonably anticipated." *City of Memphis v. McCrady*, 124 S.W.2d 248, 249 (Tenn. 1938).

In *Sweeney v. State*, the court found a dangerous condition was created by the "combination of a steep grade, sharp curve, inadequate signs, lack of other safety measures such as chevrons and/or guardrails together with the inordinately high number of accidents at the situs." 768 S.W.2d at 257. Most of the accidents occurred at dusk or after dark often on wet pavement when vehicles slid off the road trying to negotiate the sudden curve at the end of a downgrade.

The rules by which we review summary judgments have been frequently repeated:

> Summary judgment is proper when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03. On a motion for summary judgment, courts must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). . . . Summary judgment is only appropriate when the case can be decided on the legal issues alone. *Id.* at 210. Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 68 (Tenn. App. 1992). Therefore, our review of a trial court's order granting summary judgment is *de novo* on the record before this Court. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Hutter v. City of Memphis*, No. 02A01-9507-CV-00156, 1997 WL 11286 (Tenn. Ct. App. Jan. 15, 1997) at *2.

We think the trial court erred in granting summary judgment to the City. In other words, we cannot say as a matter of law that the street was not dangerous. Allowing gravel to accumulate on the pavement where the street intersected another street at the bottom of a steep hill creates a condition from which the City should anticipate that harm is likely to occur.

It is true that there is no record of prior accidents at this location, but as we have noted, that is just one part of the equation. The number of prior accidents is also a function of how long the condition has existed. The record in this case does not establish that fact, although we think the condition existed long enough for the City to be aware of it.

## III.
### NOTICE

The foreman of the Tracy City Street Department testified in his deposition that he had seen gravel at the foot of Nathurst Street, but that he had never swept that particular location, despite the fact that sweeping loose gravel from the streets was one of his duties. The record reveals that City employees picked up garbage at the location of this accident every Monday, and part of their duties included making notes of street conditions that needed attention.

The record also showed that the City had worked on an old railroad crossing up the hill sometime within the last few months and that the construction had possibly caused loose gravel to wash down the hill. We think a finder of fact could infer that the City had notice of the dangerous condition.

The City also argues that the sole cause of the accident was the fact that Mr. Meeks' truck was grossly overloaded. That may have been a factor but the record does not show that it was the only factor. On remand the trial court will be free to examine all the factors that contributed to the accident.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Grundy County for any further proceedings necessary. Tax the costs on appeal to the appellee, Tracy City.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.