IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2018 Session

## ENOC MIRANDA v. CSC SUGAR, LLC

**Appeal from the Circuit Court for Tipton County**
**No. 7274      Joe H. Walker, III, Judge**

_____

### No. W2017-01986-COA-R3-CV

_____

This is a premises liability case. Appellant, a construction worker, fell from scaffolding while working in Appellee's factory. Specifically, Appellant ran an extension cord across the warehouse floor to reach an electrical outlet to power a screw gun used to install new sheetrock required in the warehouse renovation. Appellee's employee drove a forklift over Appellant's extension cord, entangling the cord and dislodging the scaffolding. The trial court granted summary judgment in favor of Appellee finding that there were no disputes of material fact and that Appellee had no duty to warn Appellant of a dangerous condition that Appellant created. Because there are material factual disputes that preclude the grant of summary judgment, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and ARNOLD B. GOLDIN, J., joined.

David A. Siegel and Jason J. Yasinsky, Memphis, Tennessee, for the appellant, Enoc Miranda.

Tom Corts and Andrea S. Freeman, Nashville, Tennessee, for the appellee, CSC Sugar, LLC.

## OPINION

### I.      Background

Appellant Enoc Miranda was an employee of Innovative Interior, a sub-contractor for Nightwine Construction, which was hired to renovate CSC Sugar, LLC's ("Appellee") warehouse. At the time of his fall, Appellant was using an electric screw gun powered by a one-hundred-foot extension cord to install a second layer of sheetrock on an interior wall. According to Appellant, the use of the extension cord was necessary because the only source of electricity was in a different part of the warehouse. It is undisputed that Appellant ran the extension cord across a doorway in order to access a working outlet. While Appellant and his brother were installing sheetrock, Appellee's employees were moving product through the doorway with a forklift.

Appellant and his brother had been hanging sheetrock at this location for three days prior to the accident. On the third day, Nick Cross, one of Appellee's employees, drove a forklift, in reverse, through the doorway. Mr. Cross allegedly saw neither the extension cord, nor the Appellant on the scaffolding. The extension cord became entangled in the forklift, pulling on the scaffolding and causing Appellant to fall approximately ten feet to the concrete below. On August 24, 2015, Appellant filed suit asserting that Appellee had a duty to maintain its premises in a reasonably safe condition, which it failed to do. Specifically, Appellant's complaint alleges that Appellee: (1) failed to properly maintain the premises under its care; (2) failed to properly inspect the premises under its care for dangerous conditions; and (3) failed to place warning signs at appropriate locations to warn of the dangerous condition of the premises under its care. On June 9, 2017, Appellee filed a motion for summary judgment, arguing that it had no duty to warn Appellant of the allegedly dangerous condition that Appellant created and controlled. On August 9, 2017, Appellant filed a response in opposition to Appellee's motion for summary judgment. Following a hearing, on September 6, 2017, the trial court entered an order granting Appellee's motion for summary judgment. The order states, in relevant part:

> The undisputed facts show that [Appellant] or his co-employee . . . created the allegedly dangerous condition, and not [Appellee]. The [Appellee] had no duty to warn [Appellant] of the allegedly dangerous condition which [Appellant] or his co-employee created and knew about. Reasonable minds could not differ as to the conclusions to be drawn from the evidence, when viewed most favorably to the [Appellant], that the fault attributable to the [Appellant] is equal to or greater than the fault attributable to [Appellee].

> ***

> The court finds that there are no contested issues of material fact. The [Appellee] is entitled to judgment as a matter of law.

Appellant appeals.

## II.    Issues

Appellant raises three issues for review as stated in his brief:

**1.**    Whether the trial court erred in granting [Appellee]'s motion for summary judgment by finding that there are no contested issues of material fact in this matter.

**2.**    Whether the trial court erred in granting [Appellee]'s motion for summary judgment by finding that [Appellee] did not create a dangerous condition on its premises.

**3.**    Whether the trial court erred in granting [Appellee]'s motion for summary judgment by weighing the evidence to determine the comparative fault of the parties through summary judgment.

## III.    Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04.  We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness.  ***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015); ***Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.***, 395 S.W.3d 653, 671 (Tenn. 2013); ***Kinsler v. Berkline****, LLC,* 320 S.W.3d 796, 799 (Tenn. 2010); *see also* ***Abshure v. Methodist Healthcare-Memphis Hosp.****,* 325 S.W.3d 98, 103 (Tenn. 2010); *see also* ***Bain v. Wells****,* 936 S.W.2d 618, 622 (Tenn. 1997).  In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.  ***Rye*** 477 S.W.3d at 250 (citing ***Estate of Brown****,* 402 S.W.3d 193, 198 (Tenn. 2013); ***Hughes v. New Life Dev. Corp****.,* 387 S.W.3d 453, 471 (Tenn. 2012)).  The reviewing court must consider the evidence in the light most favorable to the non-moving party and must resolve all reasonable inferences in the non-moving party's favor.  ***Akridge v. Fathom, Inc.***, No. E2014-00711-COA-R9-CV, 2015 WL 97946, at *4 (Tenn. Ct. App. Jan. 7, 2015) (citing ***B & B Enter. of Wilson Cnty., LLC v. City of Lebanon****,* 318 S.W.3d 839, 844-45 (Tenn. 2010)) (internal citations omitted).

Tennessee law provides:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1)    Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2)    Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. §20-16-101. However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." *Rye*, 477 S.W.3d at 264. Rule 56.03 requires the moving party to support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. *Id.* If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. *Town of Crossville Hous. Auth.*, 465 S.W.3d 574, 578-79 (Tenn. Ct. App. 2014) (citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). However, if the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Hannan v. Alltel Publ'g. Co.*, 270 S.W.3d 1, 5 (Tenn. 2008) (citing *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). As our Supreme Court has explained:

> [T]o survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265 (emphasis in original). If adequate time for discovery has been provided and the nonmoving party's evidence at the summary judgment stage is

insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for summary judgment should be granted. *Id*. "A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion." *Giggers v. Memphis Hous. Auth.,* 277 S.W.3d 359, 364 (Tenn. 2009) (citing *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000)).

## IV.    Analysis

In a cause of action for negligence, the plaintiff must establish five elements: (1) a duty of care owed by the defendant to the plaintiff; (2) breach by the defendant of that duty of care; (3) injury or loss; (4) cause in fact; and (5) proximate or legal cause. *Hale v. Ostrow,* 166 S.W.3d 713, 716 (Tenn. 2005); *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn. 1993). Duty is the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable risks of harm. *Cullum v. McCool,* 432 S.W.3d 829, 833 (Tenn. 2013); *Satterfield v. Breeding Insulation Co.,* 266 S.W.3d 347, 355 (Tenn. 2008); *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995). Whether a defendant owed or assumed a duty of care to a particular plaintiff is a question of law. *Downs ex rel. Downs v. Bush,* 263 S.W.3d 812, 819-20 (Tenn. 2008); *Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn. 1996); *Bradshaw*, 854 S.W.2d at 869; *Green,* 398 S.W.3d at 176.

In premises liability cases, persons in control of real property have a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises. *Johnson v. EMPR, Inc*., 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992). Under Tennessee law, the employee of an independent contractor enjoys the status of an invitee while performing work on the premises of the owner-contractee. *Dempster Bros. Inc. v. Duncan*, 61 Tenn. App. 88, 452 S.W. 2d 902, 906 (1969). As a result of the employee's status as an invitee, the premises owner owes the employee "the duty to exercise reasonable care to see that an employee has a reasonably safe place to work." *Id.* This general duty includes the specific responsibility of either removing, or warning the independent contractor of, any hidden or latent dangers on the property. *Bennett v. Trevecca Nazarene Univ.*, 216 S.W.3d 293, 299 (Tenn. 2007).

Appellee argues that it had no duty to warn Appellant of the dangerous condition that the Appellant "controlled, created, and of which he had superior knowledge over [Appellee]." According to Appellee, *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992) supports this position. In *Johnson*, this Court relied on the Tennessee Pattern Jury Instructions, Civil (2d ed.), which state in pertinent part:

> An owner of premises who employs a contractor to perform work on the property, but who remains in control of the premises where the work is being done, owes to the employees of the contractor a duty to exercise

ordinary care in the management of the premises in order to avoid exposing the employees to an unreasonable risk of harm.

If, however, the contractor had complete control of the premises where the accident occurred and the owner had retained no control of that part of the premises except to the extent of determining if the work was being performed according to the contract, then the owner owes no duty of care to the employees of the contractor.

The rule may be more concisely stated. The law places the duty upon the person in control of premises to exercise reasonable and ordinary care, under the circumstances, not to cause injury to one lawfully upon the premises. *See Ruth v. Ruth,* 213 Tenn. 82, 372 S.W.2d 285 (1963).

*Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992) (citing T.P.I.—CIVIL 9.06 Duty to Workers - Control, Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 9.06 (2d ed.)). The facts presented here create a dispute as to whether Appellant (or his brother) were in control of the environment in which they were working. Although Appellant or his brother placed the extension cord on the floor in the doorway, they had no control over Appellee's equipment or employees, who drove the forklift through the doorway and over the cord in the vicinity of Appellant's work area.

Persons seeking to prevail against a property owner on a premises liability claim must prove the elements of a negligence claim, *and in addition,* must prove either that the condition (1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (citing *Blair,* 130 S.W.3d at 764); *Ogle v. Winn–Dixie Greenville, Inc.,* 919 S.W.2d 45, 47 (Tenn. App. 1995)); *Jones v. Zayre, Inc.,* 600 S.W.2d 730, 732 (Tenn. App. 1980). "Constructive notice" is defined as "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Hawks v. City of Westmoreland,* 960 S.W.2d 10, 15 (Tenn.1997) (quoting *Kirby v. Macon Cnty.,* 892 S.W.2d 403, 409 (Tenn.1994)). Constructive notice may be established by showing that a dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition. *Blair,* 130 S.W.3d at 764; *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996) (citing *Simmons v. Sears, Roebuck and Co.,* 713 S.W.2d 640, 641 (Tenn. 1986)). Constructive notice may also be established by showing that the dangerous condition resulted from "a pattern of conduct, a recurring incident, or a general or continuing

- 6 -

condition." ***Parker v. Holiday Hosp. Franchising, Inc.***, 446 S.W.3d 341, 351-52 (Tenn. 2014) (quoting ***Blair***, 30 S.W.3d at 765).

In this case, although Appellee's employee did not place the extension cord on the floor in the doorway, they were certainly aware of the cord and that driving across the cord could create a dangerous condition for the workers on the scaffolding. On several occasions, Appellee's employees requested that Appellant and his brother move the extension cord so that Appellee's equipment could pass through the doorway without incident. There is no dispute that Appellant moved the extension cord out of the way each time he was asked to do so. Raymond Anderson, Appellee's shift supervisor, testified that he instructed Appellee's employees to "make sure you don't run over that cord, make sure it is moved before you go through that doorway." Mr. Anderson testified that he knew the cord in the doorway was a problem and he "made it a point to communicate that problem to the folks on [the] shift. . . ." In fact, Mr. Anderson testified that Nick Cross, the forklift driver, was told to be aware of the cord. In his deposition testimony, Mr. Cross disputed that he received any warning. Nonetheless, Mr. Cross conceded that other forklift drivers may have been warned outside his hearing. Mr. Cross also testified that he stopped and honked his horn three times prior to reversing the forklift through the doorway. Appellant's brother testified that the forklift did not stop, and was travelling at a high rate of speed as it crossed through the doorway.

David Earwood, another employee of CSC Sugar, LLC, who was in the warehouse operating a front-end loader testified that before he went to lunch, he made a general announcement on the radio that there were contractors working in the area. "I'm about to go to lunch. There is contractors here. . . So, just be cautious of the contractors in your area." Mr. Earwood stated that he "recognized a hazard of sufficient magnitude to announce over [the] radio … that there was a potential problem with these guys wanting to run this cord underneath this doorway, watch out."

Q. Did you tell Nick [Cross] before you [David Earwood] went off to lunch on that radio that there were a couple of guys that keep wanting to put that cord on the floor underneath that doorway, look out for that cord if you are going through that door. Did you tell anybody anything like that?

A. I said it over the radio. I hear ten-fours. And, you know, you hear about five or six ten-fours.

Appellant, as an employee of an independent contractor, was an invitee on Appellee's premises. ***Inman v. Aluminum Co. of America***, 697 S.W.2d 350, 353 (Tenn. Ct. App. 1985) (citing ***Dempster Brothers, Inc. v. Duncan***, 452 S.W. 2d 902 (Tenn. Ct. App. 1969)). As such, Appellee had a duty to exercise reasonable care to ensure that Appellant's work area was reasonably safe. This duty includes the obligation to maintain

the premises in a reasonably safe condition, and to remove or warn against latent or hidden dangerous conditions of which the owner is aware or should be aware through the exercise of reasonable diligence.  *Eaton v. McLain,* 891 S.W.2d 587, 593-94 (Tenn. 1994); *Green v. Roberts*, 398 S.W.3d 172, 176-77 (Tenn. Ct. App. 2012).  Here, the trial court expressly adopted the legal analysis espoused by Appellee, i.e., a duty does not arise where the danger is "obvious, reasonably apparent, or as well known to the invitee as to the owner."  The Tennessee Supreme Court, however, abrogated the open and obvious doctrine in *Coln v. City of Savannah*, 966 S.W.2d 34, 37 (Tenn. 1998).  Our Supreme Court concluded that

> [A]n open and obvious danger does not automatically result in a finding of no duty and therefore no landowner liability. As in any negligence action, we think a risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by a defendant's conduct outweigh the burden upon the defendant to engage in alternative conduct that would prevent the harm.  *McCall v. Wilder,* 913 S.W.2d 150 (Tenn. 1995).  Applying this analysis, if the foreseeability and gravity of harm posed by the defendant's conduct, even if "open and obvious," outweigh the burden upon the defendant to engage in alternative conduct, the defendant has a duty to act with reasonable care….

*Coln v. City of Savannah*, 966 S.W.2d 34, 37 (Tenn. 1998), <u>overruled on other grounds</u> by *Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000).  Rather, the pertinent consideration is whether the foreseeability and gravity of harm posed by Appellee's conduct, even if "open and obvious," outweigh the burden of Appellee to engage in alternative conduct.  *Id.*  If so, the defendant has a duty to act with reasonable care and comparative fault principles apply.  *Powell v. Gurkin*, No. W1999-99827-COA-R3-CV, 2000 WL 987301, at *4 (Tenn. Ct. App. July 10, 2000); *see McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn. 1992).

Furthermore, when reviewing the evidence, we must determine whether factual disputes exist.  If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial."  *Green v. Roberts*, 398 S.W.3d 172, 176 (Tenn. Ct. App. 2012)(quoting *Mathews Partners, L.L.C. v. Lemme,* No. M2008-01036-COA-R3-CV, 2009 WL 3172134, at *3 (Tenn. Ct. App. Oct. 20, 2009)).  "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed."  *Byrd,* 847 S.W.2d at 215.  A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other."  *Id.*  If there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition.  *Green*, 398 S.W.3d at 176.  As stated by our Supreme Court in *EVCO Corp. v. Ross,* 528 S.W.2d 20 (Tenn. 1975):

The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id.* at 24-25.

In granting summary judgment, the trial court found that there were no disputes of material fact and that Appellee was entitled to judgment as a matter of law. However, Appellant argues that there are numerous disputes of material fact so as to preclude disposition by summary judgment. As set out above, the testimony of Appellee's employees is inconsistent. Specifically, Appellant asserts a dispute as to whether Nick Cross, the forklift driver, acted with reasonable care and whether he was following Appellee's established protocol at the time of the accident. While Mr. Cross disputes that he was warned about the extension cord, two of Appellee's employees, *i.e.* Messrs. Anderson and Earwood, testified that they knew the cord was a potential problem and made a point of announcing it to the employees on that shift, including Mr. Cross. The testimony of Messrs. Anderson and Earwood contradicts Mr. Cross's testimony that he had no knowledge, prior to the accident, that the extension cord was placed across the doorway. In addition, there is also a dispute as to whether Mr. Cross stopped his forklift and honked the horn before backing through the doorway. Appellant's brother testified that Mr. Cross never stopped and was travelling at a high rate of speed as he entered the doorway. These disputes bear directly on the question of whether Appellee satisfied its duty to exercise reasonable care to ensure that Appellant's work area was safe. Because of these disputed material facts in the record, the trial court's grant of summary judgment was error. Having determined that summary judgment was improper, the trial court further erred in reaching the question of comparative fault.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's order granting summary judgment. The case is remanded for such further proceedings as may be necessary and are consistent with this Opinion. Costs on the appeal are assessed against the Appellee, CSC Sugar, LLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE